UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| VALERIY GALKOVSKI, | Case No. 3:26-cv-00546-AR |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| STACI CARNEY, | |
| Defendant. | |

_____

**ARMISTEAD, United States Magistrate Judge**

On March 20, 2026, defendant Staci Carney, representing herself, removed this lawsuit related to ongoing eviction proceedings pursued by plaintiff Valeriy Galkovski in Multnomah County Circuit Court. On April 22, the court issued an Order to Show Cause directing Carney to explain in writing why this case should not be remanded to state court because this court lacks subject matter jurisdiction. Carney timely filed a response to the Order to Show Cause on May 21, 2026. The court, having considered Carney's response, concludes that subject matter jurisdiction is lacking and recommends remanding the case to state court.

**DISCUSSION**

As explained more fully in its Order to Show Cause, Carney premises removal on three state court cases related to eviction proceedings pursued by Galkovski. (Notice of Removal at 1, ECF 2 (identifying case numbers 25SC33663, 26CV07299, and 26LT05173).) Because Carney is identified as the plaintiff in two of the three state court cases, she is not a "defendant" under 28 U.S.C. § 1441(a), and the cases in which she is a plaintiff do not give this court subject matter jurisdiction. (OSC at 2-3, ECF 6.) In the third case, Carney is the defendant. However, that case identifies a single state law claim for eviction, thus failing to present a federal question. (*Id.* at 3.) And because Galkovski and Carney both provide Oregon addresses, diversity of citizenship fails to provide this court with jurisdiction. (*Id.* at 3-4.) In the absence of either federal question or diversity of citizenship, removal from state court appeared improper, and the court ordered Carney to explain why the case should not be remanded. (*Id.* at 2 (citing case law and 28 U.S.C. §§ 1331, 1332, 1441(a)).

In her response, Carney contends that her removal is premised on 28 U.S.C. § 1443(1). Carney contends that § 1443(1) applies here because she is seeking to enforce Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and Fourteenth Amendment's due process clause under 42 U.S.C. § 1983. According to Carney, Multnomah County Circuity Court Judge Erin Kirkwood entered an order that permitted her to stay on the property while she sought an appeal. Contrary to that ruling, Galkovski initiated eviction proceedings. (Def.'s Resp. at 3-4.) Carney then filed a small claims action, which was consolidated with the other circuit court matter after Galkovski filed a counterclaim seeking $25,000 in damages. Carney asserts that her due process rights were violated when the actions were consolidated before service was

Page 2 – FINDINGS AND RECOMMENDATION
*Galkovski v. Carney*, 3:26-cv-00546-AR

complete, without setting deadlines, or obtaining her approval. (*Id.* at 6.) In Carney's view, § 1443(1) is satisfied because she is seeking to enforce her federal rights and the state court's actions show that she has been unable to do so. The court disagrees.

Section 1443(1) provides a narrow path for removal of certain civil rights cases. Defendants removing state court actions under § 1443(1) must satisfy two criteria. First, defendants must assert as a defense "rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)), *abrogated on other grounds by*, *BP P.L.C. v. Mayor & City Council of Baltimore*, U.S. 593 U.S. 230 (2021)). Second, defendants must assert that "the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* at 999.

Carney fails to satisfy both criteria. As to the first criteria, courts have rejected removal under § 1443(1) unless the claim is based on racial discrimination or racial equality. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (holding that "equal civil rights" under § 1443(1) "must be construed to mean any law providing for specific civil rights stated in terms of racial equality"). Carney's claims here are premised on the state court's alleged failure to address accessibility needs under the ADA, and the court's alleged due process violations by failing to address her objections and improperly consolidating the state court actions. (Pl.'s Resp. at 7-8.) Those allegations are not, however, based on racial discrimination and the first criteria is not satisfied. *Johnson*, 421 U.S. at 219 ("That a removal petitioner will be denied due process of law because the criminal law under which he is being

Page 3 – FINDINGS AND RECOMMENDATION
*Galkovski v. Carney*, 3:26-cv-00546-AR

prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).”); *see Barlett v. Patera*, 17-cv-06991-JSC, 2018 WL 10436644, at *2 (N.D. Cal. Feb. 8, 2018) (concluding that Fair Housing Act claim premised on gender and disability was not “predicated on racial discrimination” and did not satisfy first criteria for removal under § 1443(1) (collecting cases)); *Kroutik v. Rajic*, 25-cv-2794-JLS (AHG), 2025 WL 3043534, *3 (S.D. Cal. Oct. 30, 2025) (concluding ADA counterclaim did not satisfy first prong for removal under § 1443(1), remanding detainer action to state court).

Carney also fails to satisfy the second criteria. She does not allege that any state law or state constitutional provision prevents her from enforcing her civil rights in state court. *Patel,* 446 F.3d at 999. Absent here are allegations that a formal state law or constitutional provision requires the state court to ignore her federal rights, or that the state court would not protect her civil rights in the trial court proceedings. *Id.* Similarly, Carney does not assert that Oregon appellate courts are incapable of correcting errors, if any, made by the trial court. *Inland Valley Dev. Agency v. Patel*, 116 F. App’x 98, 99-100 (9th Cir. 2004) (holding there were no allegations that state appellate court would not correct errors (citing *Johnson*, 421 U.S. at 219)). Carney’s dissatisfaction with the trial court’s rulings are insufficient to satisfy the second criteria. *California v. Sandoval* , 434 F.2d 635, 636 (9th Cir. 1970) (“Bad experiences with the particular court in question will not suffice.”).

In sum, Carney has not demonstrated that removal jurisdiction is proper under § 1443(1), or that there is another basis for removal. Consequently, this court lacks subject matter jurisdiction, and the court recommends that the case be remanded to state court.

Page 4 – FINDINGS AND RECOMMENDATION
*Galkovski v. Carney*, 3:26-cv-00546-AR

**CONCLUSION**

For the above reasons, this court lacks subject matter jurisdiction, and the court recommends that this action be REMANDED to the state court and this action be TERMINATED.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within 14 days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: May 28, 2026

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 5 – FINDINGS AND RECOMMENDATION
*Galkovski v. Carney*, 3:26-cv-00546-AR